FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 27 2005

GREGORY C. LANGHAM
                        CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 04-CV-2175-JLK-BNB

PRO MASSAGE, INC., d/b/a THERA CANE COMPANY
a Colorado corporation,

    Plaintiff,

v.

TRIGGER POINT COMPANY, INC., a California corporation, and
SUZANNE FERMANO, an individual,

    Defendants.

## DEFAULT JUDGMENT AGAINST DEFENDANTS TRIGGER POINT AND FERMANO

THIS MATTER, coming before the Court on Plaintiff's Application for Entry of Default Judgment ("Application"), being fully advised in the premises, and having determined that there is no just reason for delay,

IT IS HEREBY ORDERED that Plaintiff's Application is granted and JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Pro Massage, Inc. d/b/a Thera Cane Company ("Plaintiff" or "Pro Massage") and against Defendants Trigger Point Company, Inc. ("Trigger Point"), and Suzanne Fermano ("Fermano") (collectively "Defendants"), jointly and severally, for its reasonable attorneys' fees and costs in this action in the amount of $16,000 (U.S.), which is to be deposited in the registry of the Clerk of the Court within eleven (11) calendar days of entry of this Judgement.

IT IS HEREBY FURTHER ORDERED that:

1.     Defendants Trigger Point and Fermano, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in active concert or participation with any of them, are permanently enjoined from:

  a. any further use of Pro Massage's trademarks, including the "THERA CANE" mark or any other mark that is confusingly similar thereto in connection with the advertising or sale of massagers;

  b. directly or indirectly using the "THERA CANE" mark or any confusingly similar mark either alone or in combination with other marks, symbols or trade dress;

  c. performing any action or using any name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead and betray the public into believing that Pro Massage and Fermano and/or Trigger Point are one and the same, or in some way connected, or that Pro Massage is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with, or in control of Pro Massage, or that Defendants' goods originate with Pro Massage or are connected or offered with the approval, consent, authorization and/or under the supervision of Pro Massage;

  d. reproducing, preparing, copying, distributing, and/or using any unauthorized manuals (e.g., the Owner's Manuals attached hereto as Exhibit 1) or other tangible things which are substantially similar to and/or infringe any of Pro Massage's copyrighted material; and

  e. manufacturing or selling any product or service containing or utilizing Pro Massage's intellectual property and/or business values, or any other conduct constituting unfair competition with or misappropriation of Pro Massage's property or values.

  2. Within eleven (11) calendar days of entry of this Judgment, Defendants shall deliver up to Pro Massage for destruction, or certify destruction of, all copies of Defendants' Owner's Manuals identified in Exhibit 1 hereto and all other manuals, brochures, advertising material, labels, and any other materials utilizing Pro Massage's copyrighted material.

  3. Within eleven (11) calendar days of entry of this Judgment, Defendants shall deliver up to Pro Massage for destruction, or certify destruction of, all unauthorized copies of products,

brochures, advertising material, labels, and any other materials that contain Pro Massage's registered "THERA CANE" mark or any confusingly similar mark.

DATED this 27 day of June, 2005.

BY THE COURT:

John L. Kane
United States District Court Judge